See, also, D.C., 337 F.Supp. 667.

**FIRST SURETY CORP., a corporation, et al., Plaintiffs,**

v.

**COMMUNITY BANK, a corporation, et al., Defendants.**

No. 71-2131.

United States District Court, C. D. California.

June 15, 1972.

Keatinge, Libott, Bates & Loo by Richard H. Keatinge, M. S. McMillan, Los Angeles, Cal., for plaintiffs.

Adams, Duque & Hazeltine by William F. Davis, III, Charles Griffin Cale, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

In this case plaintiffs allege that defendants have violated certain provisions of the Securities Act of 1933, as amended, the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder. The case concerns the ownership of 391,906 shares of the capital stock of plaintiff First Surety Corp. [hereinafter First Surety], which shares are 26% of the First Surety shares outstanding. Defendant Community Bank [hereinafter Bank] acquired such shares in July of 1970 by foreclosure sale, such shares having been pledged to secure certain loans made by Bank. On September 2, 1971, Bank sold the shares to defendant Cook, a director of Bank.

Defendants have moved for a partial summary judgment on plaintiffs' first and third claims in plaintiffs' first amended complaint seeking the Court's declaration that First Surety cannot be held liable as an issuer for the sale of First Surety shares by Bank to defendant Cook or for any distribution by Cook of said shares. Defendants also have moved for a partial summary judgment on plaintiffs' sixth and seventh claims seeking the Court's declaration that defendants' filing with the Securities and Exchange Commission of their Schedule 14B Statements have cured any previous proxy solicitation violation. Defendants have moved the Court to dismiss all claims on the grounds that plaintiffs have failed to state a claim against them upon which relief can be granted. Defendants also request the Court to dismiss plaintiffs' first, second, third and eighth claims on the ground of lack of jurisdiction over the subject matter. Lastly, defendants move to have this Court require plaintiffs to make a more

definite statement regarding plaintiffs' first, second, third and fourth claims.

The Court has jurisdiction of the subject matter of this action by virtue of the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended.

■ In their first, second and third claims, plaintiffs allege violations of Sections 5 and 12(1) of the Securities Act of 1933, as amended, 15 U.S.C. §§ 77e and 77l (1). It appears from the pleadings and affidavits on file herein that defendants are entitled to a partial summary judgment on plaintiffs' first and third claims and that it is a proper case for summary judgment as there are no material facts in dispute. First Surety is not subject to liability as an issuer even if there were a violation by Bank of Sections 5 and 12(1) of the Act of 1933.

Section 5 prohibits the offer or sale of a security in interstate commerce or in the mails prior to the filing or effectiveness of a registration statement. Section 12 states in part: "Any person who —(1) offers to sell a security in violation of section 77e of this title . . . shall be liable to the person purchasing such security from him . . ." By the terms of Section 2(11) of the Securities Act, the term "issuer" includes any person directly or indirectly controlling or controlled by the issuer, or any person under direct or common control with the issuer. Control is defined in the Act as the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, by any means.

It appears from the affidavit of Charles Cook that every attempt by defendants to exert influence on the management of First Surety since June 1971 has been consistently opposed by director Fusselman and a majority of the directors of First Surety. The usual vote on any disputed matter has been seven votes against Cook to four in his favor. Defendant Cook's affidavit states that at no time since his purchase of the First Surety shares has he or has Bank or Walter Sharp, president of Bank, possessed the power to direct the management or policies of First Surety.

It further appears from Mr. Cook's affidavit that the Schedule 14B Statements filed with the Securities and Exchange Commission by each of the Fusselman directors on or about September 24, 1971, state that at a meeting of First Surety's board of directors held on August 18, 1971, each of the seven majority directors voted for the adoption of a resolution which authorized the president of First Surety to resist all take-over attempts by Bank to dominate and control the affairs of First Surety. This resolution was so adopted. Defendants, therefore, are not in a control relationship with the issuer, First Surety, and could not be deemed an issuer of First Surety shares. First Surety could not be held liable for the sale of First Surety shares by Bank to defendant Cook. A partial summary judgment is proper as to plaintiffs' first and third claims.

As for plaintiffs' second claim, it should be noted that defendants have made a motion to dismiss as to it. The Court is curious why defendants have not made a motion for summary judgment for this claim as it would appear that the second claim is in substance a repetition of the first and third claims for which partial summary judgment will be granted. However, the Court will grant defendants' motion to dismiss plaintiffs' second claim with leave to plaintiffs to amend.

Defendants' remaining motions concerning plaintiffs' first, second and third claims need not be considered as they are moot.

■ Defendants contend that plaintiffs' fourth, fifth, sixth and seventh claims should be dismissed in that claims arising under Section 14(a) of the Securities Exchange Act, as amended, 15 U.S.C. § 78n(a), must allege damages, and in none of these claims is any damage to plaintiffs alleged. Where a violation of Section 14(a) is pleaded, no requirement of actual damages need be

shown. Thus a motion to dismiss is inappropriate.

■ The Court also rejects defendants' motion to dismiss claim four on the ground that the claim fails to allege specific facts which show a violation of Rule 14(a)–9, 17 C.F.R. § 240.14a–9. The claim alleges that a press release of September 9, 1971, issued by defendants was false and misleading in that it omitted a material fact. This Court determined on September 21, 1971, in its order denying plaintiffs' motion for a preliminary injunction and for other relief, that on the record then before it there was no showing of material misrepresentation in the press release complained of by plaintiffs. However, the Court also stated at that time that it did not make a finding of fact as to such matter because such finding can only be made after a full trial upon the merits; the Court's determination was at that time based solely upon the record then before it. Accordingly, defendants' motion to dismiss plaintiffs' fourth claim is denied as it cannot be affirmatively determined that plaintiffs cannot prevail; it may well be appropriate that a motion for summary judgment be filed.

■ Defendants also seek a more definite statement as to the fourth claim. A better practice for securing a more definite statement of the factual contents of a party is by discovery. Therefore, defendants' motion for a more definite statement on the fourth claim is denied.

■ In its fifth claim plaintiffs allege that defendants' solicitations of proxies constitute a violation of Section 14(a) of the Securities and Exchange Act and Rule 14a–11 in that defendant Cook's Schedule 14B Statement is false and misleading. However, this Court believes that a claim for relief has not been stated in that plaintiffs have not alleged any proxy solicitation on or after September 10, 1971, at which time defendant Cook filed his Schedule 14B Statement. Accordingly, the Court grants defendants' motion to dismiss this claim with leave for plaintiffs to amend.

■ Defendants also seek a partial summary judgment as to plaintiffs' sixth and seventh claims. Plaintiffs allege in these claims that defendants and other persons solicited proxies prior to the time that they filed their Schedule 14B Statements. It appears from the record now before the Court that all required proxy statements have since been filed with the Securities and Exchange Commission. Since defendants have now complied with the statute, plaintiffs have failed to state a claim upon which relief can be granted by this Court. Studebaker Corporation v. Gittlin, 360 F.2d 692 (2nd Cir. 1966). Partial summary judgment is therefore granted to defendants as to plaintiffs' sixth and seventh claims.

■ As an eighth claim, plaintiffs allege that unless defendants and their agents are restrained from using the First Surety shareholder list in the solicitation of any proxies from shareholders, plaintiffs will be irreparably harmed by denial of their rights under Rule 14a–7, 17 C.F.R. § 240.17a–7. As the Court stated in its order denying plaintiffs a preliminary injunction and other relief, plaintiffs misinterpret Rule 14a–7. As mentioned therein, Rule 14a–7 offers a corporation the right to elect whether to provide dissident shareholders with a shareholders' list, or alternatively to mail such shareholders' proxy material for them if such shareholders request in writing the opportunity to present to the shareholders their opposition to the corporation's management's position. Had defendants made a motion for summary judgment upon the issue raised by the eighth claim, the Court would have granted it. The Court grants defendants' motion to dismiss this claim with leave for plaintiffs to amend.

The foregoing constitutes the summary of the material undisputed facts and the conclusions of law of the Court; partial summary judgment of claims one, three, six and seven and dismissal of claims two, five and eight with leave for plaintiffs to amend shall be rendered in favor of defendants as herein above noted. No judgment shall be entered until

the formal judgment is entered, and all matters other than those covered by the partial summary judgment and dismissals with leave to amend shall remain open for decision by the Court.